IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                Criminal Action 2:17-cr-261(3)
                                        JUDGE ALGENON L. MARBLEY

**MONAE ALIZE COX**

### REPORT AND RECOMMENDATION

The United States of America and defendant Monae Alize Cox entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to plead guilty to Counts 1, 2, and 3 of the *Superseding Information*, which charges her with conspiracy to violate the Hobbs Act in violation of 18 U.S.C. § 1951 (Count 1), a violation of the Hobbs Act in violation of 18 U.S.C. §§ 1951, 2 (Count 2), and carrying or brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c), 2 (Count 3).[1] *Superseding Information*, ECF No. 65. On November 20, 2018, defendant, accompanied by her counsel, appeared for an arraignment and entry of guilty pleas. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed). Defendant also waived her right to an indictment in open court and after being advised of the nature of the charges and of her rights. *See* Fed. R. Crim P. 7(b).

---

[1] Under the *Plea Agreement*, ECF No. 66, defendant agreed to an appellate waiver provision which preserves only certain claims for appeal or collateral challenge.

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty pleas, defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined her competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Superseding Information* and the consequences of her pleas of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by her, her attorney and the attorney for the United States and filed on October 12, 2018, represents the only promises made by anyone regarding the charges in the *Superseding Information*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw her guilty pleas.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*. She confirmed that she is pleading guilty to Counts 1, 2, and 3 of the *Superseding Information* because she is in fact guilty of those offenses. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Counts 1, 2, and 3 of the *Superseding Information* are knowingly and voluntarily

made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant's guilty pleas to Counts 1, 2, and 3 of the *Superseding Information* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 20, 2018                                          *s/ Norah McCann King*
 Date                                                                  Norah M$^c$Cann King
                                                                   United States Magistrate Judge